NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MICHIGAN STATE BUILDING AND
CONSTRUCTION TRADES COUNCIL,
AFL–CIO, et al., Respondents.

No. 75–1453.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, Paul Elkind, Asst. Gen. Counsel for Contempt Litigation, N.L.R.B., Washington, D. C., for petitioner.

Donald J. Prebenda, F. Daniel Bohn, Prebenda & Bohn, Southfield, Mich., Darryl R. Cochrane, McCroskey, Libner, VanLeuven, Feldman, Kortering, Cochrane & Brock, Muskegon, Mich., James F. Finn, Thomas C. Mayer, Mayer & Mayer, Detroit, Mich., for respondents.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

ORDER

Michigan State Building and Construction Trades Council, AFL–CIO (the "Union"), having filed its Statement to the Court and having filed its consent to the entry of this Order, as expressed in the "Union's Consent to the Entry of Order", it is hereby ORDERED that the judgment of May 13, 1975, be and hereby is implemented as follows:

The Union, its officers, agents, representatives, successors and assigns shall:

1. Cease and desist from restraining or coercing in the exercise of rights guaranteed in Section 7 of the National Labor Relations Act, the employees of John F. Lawhon, Inc., R-B and Sons, Inc., George Lynn Construction Company, Inc., or any other employer or person engaged in interstate commerce or an industry affecting interstate commerce, either through its own officers, agents, or demonstrators, or any labor organization as may be acting in common cause with it, by participating in, directing, authorizing, ratifying, condoning or causing any of the following:

a. Verbally threatening employees or their families with physical harm.

b. Intimidating persons by the use or display of firearms, knives or other weapons.

c. Damaging or threatening to damage any person's property.

d. Threatening to engage or engaging in mass picketing.

e. In any other manner, or by any other means, restraining or coercing employees in the exercise of their rights guaranteed by Section 7 of the Act.

2. Take the following action:

a. Comply in all respects with the judgment filed on May 13, 1975, the contempt adjudication filed on April 22, 1977, and this order, which is in addition to and not in limitation of the earlier judgment and adjudication, and not in any way, by action or inaction, engage in, induce, encourage, permit, or condone any violation of said judgment, adjudication or order.

b. Immediately post in conspicuous places in the Union's business offices and all places where notices to employees and members are customarily posted for a period of sixty consecutive days, copies of the attached notice signed by an appropriate officer on behalf of the Union, and alongside, a copy of this order; and maintain such notices and order in clearly legible condition throughout the posting period and insure that they are not altered, defaced, or covered by any other material.

c. Provide sufficient copies of said signed notice to the Regional Director for the Seventh Region, Patrick V. McNamara, Federal Building, 477 Michigan Avenue (Room 300), Detroit, MI 48226, for posting at the offices of the employers named above, if such employers be willing.

d. Have said notice read by the presiding officer at the next regularly scheduled

convention of the Union following entry of this order. The Union shall give the Regional Director at least two week's notice to permit a Board Agent to attend the reading, at the option of the Regional Director.

e. Forthwith require each Officer and Business Agent of the Union to read this order and to signify in writing that he or she has read this order. Duplicate copies of the aforesaid acknowledgements shall promptly be furnished to the Regional Director.

f. File separate sworn statements with the Clerk of this Court and a copy thereof with the Regional Director of the Seventh Region of the Board in writing upon termination of the posting period, and again upon compliance with paragraph 2d above, showing what steps have been taken by the Union to comply with the Court's directives.

In order to insure that there is compliance with the terms of the Court's orders

IT IS FURTHER ORDERED that upon a violation of this Order by the Union, its officers, agents and representatives, including Eugene D. Tolot, this Court hereby increases the compliance fine against the Union to the amount of $6000 for each and every future violation of any of the provisions of the judgment, adjudication or this order.

Upon failure of the Union to comply with any of the aforesaid judgment, contempt adjudication and this order, this Court reserves jurisdiction to issue attachment against the Union and any officer or agent responsible for the non-compliance and take such further action against them and grant the National Labor Relations Board such further relief as is adjudged reasonable, just, and necessary to assure compliance with the judgment, contempt adjudication and this order.